UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| GILDAZIO MARTINS DE OLIVEIRA, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Civil Action No. 25-13940-FDS |
| PATRICIA HYDE, et al., | ) ) ) | |
| Defendants. | ) ) | |

### MEMORANDUM AND ORDER ON PETITION FOR WRIT OF HABEAS CORPUS

**SAYLOR, J.**

This is a habeas petition that concerns the government's authority to hold a non-citizen pending removal proceedings. Petitioner Gildazio Martins de Oliveira is a citizen of Brazil who first entered the United States without inspection in 1999. He has resided in Massachusetts for decades and is married to a U.S. citizen.

On December 4, 2025, petitioner was taken into ICE custody. He had a custody redetermination hearing before an immigration judge on December 15, 2025, at which the judge apparently concluded that petitioner was detained under 8 U.S.C. § 1225(b)(2) and was therefore not eligible to be released on bond, but that bond would have been set at $8,000 if petitioner were eligible to be released. He contends that his continued detention without eligibility for release on bond is not authorized by statute, violates his procedural due-process right, and violates the Administrative Procedure Act. He seeks his immediate release from custody or, in the alternative, to be released on bond.

To be clear, this Court is without the authority to determine whether petitioner should be removed from the United States; that is a matter for the immigration courts. Nonetheless, and for

the reasons that follow, the Court agrees that petitioner is being detained without lawful authority, and therefore will order that he be released be released as soon as he posts the bond ordered by the immigration judge.

**I.      Background**

Gildazio Martins de Oliveira, a citizen of Brazil, entered the United States without inspection on or about February 19, 1999.  (Am. Pet. Writ Habeas Corpus ("Pet.") ¶ 32, Dkt. No. 8).  He has resided in the United States continuously since then and has resided in Massachusetts for "decades."  (*Id.* ¶¶ 33-34).  His wife is a U.S. citizen, and she has filed a Form I-130, Petition for Alien Relative, on his behalf to adjust his immigration status.  (*Id.* ¶¶ 34-35; *Id.* Ex. C, Dkt. No. 1-3).

ICE took Martins de Oliveira into custody on December 4, 2025.  (*Id.* ¶ 36).[1]  Since that date, he has been detained at Plymouth County Correctional Facility in Plymouth, Massachusetts.  (*Id.* ¶ 1).  Following his detention, he was placed in removal proceedings under 8 U.S.C. § 1229a, in which he is charged as being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) based on entry without inspection.  (*Id.* ¶ 37).  On December 15, 2025, he had a "custody redetermination hearing" before an immigration judge.  (*Id.* ¶ 38).  At that hearing, the immigration judge concluded, following several agency precedents, that he was "statutorily ineligible" to be released on bond, presumably because 8 U.S.C. § 1225(b)(2) mandated his detention.  (*Id.*; *Id.* Ex. D, Dkt. No. 1-6).[2]  The immigration judge further held, however, that if

---

[1] The petition asserts that Martins de Oliveira "was taken into ICE custody based solely on a pending state charge for Operating Under the Influence . . . which remains unresolved and has not resulted in a conviction."  (Pet. ¶ 36).  Respondents do not claim that this charge makes petitioner subject to mandatory detention under any provision of the INA other than 8 U.S.C. § 1225(b)(2).  (Resp. Habeas Pet. & Ct. Order 1-2, Dkt. No. 10).

[2] The agency precedents the immigration judge cited were *Matter of M— S—*, 27 I. & N. Dec. 509 (A.G. 2019); *Matter of Q. Li*, 29 I. & N. 66 (BIA 2025); and *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025).

he was eligible to be released on bond, the judge would have set bond at $8,000 based on petitioner's flight risk.  (*Id.* Ex. D).

The respondents are Patricia Hyde, Boston Field Office Director, U.S. Immigration & Customs Enforcement; Kristi Noem, U.S. Secretary of Homeland Security; Pamela Bondi, Attorney General of the United States; Todd Lyons, Acting Director, U.S. Immigration & Customs Enforcement; and Antone Moniz, Superintendent, Plymouth County Correctional Facility.[3]

On December 23, 2025, the Court issued an order requiring that petitioner not be moved outside this District without prior notice until further order of the Court.  (Dkt. No. 6 at 2-3).

On December 30, 2025, respondents responded to the petition.  (Resp. Habeas Pet. & Ct. Order ("Resp."), Dkt. No. 10).  In their response, respondents conceded that "the legal issues presented in this habeas petition are similar to those addressed by this Court in [*De Andrade*] and [*Dume Rivera*]," and that "[s]hould the Court follow its reasoning in those cases, it would reach the same result here."  (*Id.* at 1-2).  They further contended, however, that because petitioner appears to be a member of the class certified in *Maldonado Bautista v. Santacruz* in the Central District of California, as well as the class certified in *Guerrero Orellana v. Moniz* in this District, he cannot bring an individual action "for the same injunctive or declaratory relief."  (*Id.* at 2).

**II.     Analysis**

For the reasons discussed in the Court's decision in *De Andrade v. Moniz*, 2025 WL 2841844 (D. Mass. Oct. 7, 2025), and those of many other courts across the country, *see Rodriguez v. Bostock*, 2025 WL 2782499, at *1 & n.3 (W.D. Wash. Sept. 30, 2025) (collecting

---

[3] In its December 23, 2025, order, the Court noted that the proper respondent in habeas is a petitioner's immediate custodian.  (Dkt. No. 7).  Petitioner then amended his petition to add Antone Moniz, Superintendent of Plymouth County Correctional Facility, as a respondent.  (Dkt. No. 8).  For the reasons outlined in the Court's previous order, the Court will dismiss the claims against the remaining respondents.

cases), non-citizens who initially entered the United States without inspection but have resided in the country for a substantial period of time are subject to discretionary detention under § 1226(a), not mandatory detention under § 1225(b). Because petitioner has already entered and resides in the United States, he is not an "applicant seeking admission" under § 1225, and his detention under that provision is therefore "in violation of the . . . laws . . . of the United States." 28 U.S.C. § 2241(c)(3).

Petitioner is a member of the class certified in *Guerrero Orellana v. Moniz*, because he was detained in Massachusetts; was not placed in expedited removal proceedings; was neither admitted nor paroled into the United States; is not subject to mandatory detention under § 1226(c); is not subject to post-final order detention under § 1231; and his most recent arrest did not occur at the border when he was arriving in the United States. *See Guerrero Orellana v. Moniz*, 2025 WL 3687757, at *10 (D. Mass. Dec. 19, 2025). Petitioner also appears to be a member of the class certified in *Maldonado Bautista v. Noem*, because he entered the United States without inspection; was not apprehended upon arrival; and was not subject to detention under § 1226(c), § 1225(b)(1), or § 1231 at the time that the Department of Homeland Security made its initial custody determination. *See Maldonado Bautista v. Noem*, 2025 WL 3678485, at *1 (C.D. Cal. Dec. 18, 2025). It is unclear what precise effect the declaratory judgments in those cases have on this action; respondent Moniz was also a respondent in *Guerrero Orellana*, so the judgment in that case very likely has *res judicata* effect here. But the Court need not resolve that question for these purposes because it independently determines that petitioner's detention violates the INA.

Because petitioner can be held, if at all, only under § 1226(a), he is entitled to a hearing at which the government must "either (1) prove by clear and convincing evidence that [the

4

detainee] poses a danger to the community or (2) prove by a preponderance of the evidence that [he] poses a flight risk." *Hernandez-Lara v. Lyons*, 10 F.4th 19, 41 (1st Cir. 2021); *see also Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (explaining that federal regulation requires that § 1226(a) detainees "receive bond hearings at the outset of detention" (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1))). Therefore, and because respondents have not offered another authority for petitioner's detention, the Court will grant the petition. Accordingly, at this stage, the Court does not reach petitioner's claims under the Administrative Procedure Act. Because petitioner has already had a custody redetermination hearing before an immigration judge, the Court holds that the bond terms the immigration judge would have imposed should apply, and that petitioner should be released upon posting the $8,000 bond ordered by the immigration judge.

Respondents' argument that the existence of the class litigation bars this action is incorrect. Section 1252(f)(1) of Title 8 of the United States Code strips the lower federal courts of jurisdiction to "enjoin or restrain the operation of" certain provisions of the INA, including § 1225 and § 1226, "other than with respect to the application of such provisions to an individual alien against whom proceedings under such part have been initiated." 8 U.S.C. § 1252(f)(1). Therefore, injunctive relief is not available in a class action on behalf of alien detainees even though declaratory relief is. *See Brito v. Garland*, 22 F.4th 240, 250-52 (1st Cir. 2021). Indeed, the government even seemed to concede that individual actions would be the proper means to enforce a declaratory judgment in opposing class certification in *Guerrero Orellana*:

> [T]he government contends that certification of a class is impermissible because, after receiving a class-wide declaratory judgment, each class member would have to file an individual habeas petition to secure an order requiring the government to provide a bond hearing in his or her specific case. The government's contention appears to be that this prospect of future individual habeas petitions means that the class does not satisfy Rule 23(b)(2)'s requirement

5

that "final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). But it provides no support for the notion that a Rule 23(b)(2) class action is improper under such circumstances. A final declaratory judgment establishing a right to a bond hearing would be appropriate on a class-wide basis, and each class member could then secure a coercive remedy enforcing that right in an individual action. Rule 23(b)(2) squarely permits this procedure.

*Guerrero Orellana*, 2025 WL 3033768, at *13.

Therefore, respondents' contention that petitioner cannot seek habeas relief in this individual action is unavailing.

### III. Conclusion and Order

Accordingly, and for the foregoing reasons, the petition for a writ of habeas corpus under 28 U.S.C. § 2241 is GRANTED. Respondent Antone Moniz is hereby ORDERED to release petitioner from custody upon posting of the bond ordered by the immigration judge. The remaining respondents are hereby DISMISSED.

**So Ordered.**

Dated: January 9, 2026

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
United States District Judge