UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **GILDAZIO MARTINS DE OLIVEIRA,**<br>**Plaintiff,**<br>**v.**<br>**PATRICIA HYDE, et al.,**<br>**Defendants.** | **Civil Action No.**<br>**25-13940-FDS** |

**MEMORANDUM AND ORDER ON PETITIONER'S MOTION**
**FOR ATTORNEYS' FEES**

**SAYLOR, J.**

This is a motion for attorneys' fees brought by petitioner Gildazio Martins de Oliveira. Petitioner is a citizen of Brazil who first entered the United States without inspection in 1999. He has resided in Massachusetts for decades and is married to a U.S. citizen.

On December 4, 2025, petitioner was taken into ICE custody. He had a custody redetermination hearing before an immigration judge on December 15, 2025, at which the judge apparently concluded that petitioner was detained under 8 U.S.C. § 1225(b)(2) and was therefore not eligible to be released on bond, but that bond would have been set at $8,000 if petitioner were eligible to be released. He contended that his continued detention without eligibility for release on bond was not authorized by statute, violated his procedural due-process right, and violated the Administrative Procedure Act.

This Court granted the petition under 28 U.S.C. § 2241. Petitioner has moved for attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. For the following reasons, the Court will grant the motion.

## I. Background

Gildazio Martins de Oliveira, a citizen of Brazil, entered the United States without inspection on or about February 19, 1999. (Am. Pet. Writ Habeas Corpus ("Pet.") ¶ 32, Dkt. No. 8). He has resided in the United States continuously since then and has resided in Massachusetts for "decades." (*Id.* ¶¶ 33-34). His wife is a U.S. citizen, and she has filed a Form I-130, Petition for Alien Relative, on his behalf to adjust his immigration status. (*Id.* ¶¶ 34-35; *Id.* Ex. C, Dkt. No. 1-3).

ICE took Martins de Oliveira into custody on December 4, 2025. (*Id.* ¶ 36).[1] Since that date, he has been detained at Plymouth County Correctional Facility in Plymouth, Massachusetts. (*Id.* ¶ 1). Following his detention, he was placed in removal proceedings under 8 U.S.C. § 1229a, in which he is charged as being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) based on entry without inspection. (*Id.* ¶ 37). On December 15, 2025, he had a "custody redetermination hearing" before an immigration judge. (*Id.* ¶ 38). At that hearing, the immigration judge concluded, following several agency precedents, that he was "statutorily ineligible" to be released on bond, presumably because 8 U.S.C. § 1225(b)(2) mandated his detention. (*Id.*; *Id.* Ex. D, Dkt. No. 1-6).[2] The immigration judge further held, however, that if he was eligible to be released on bond, the judge would have set bond at $8,000 based on petitioner's flight risk. (*Id.* Ex. D).

---

[1] The petition asserts that Martins de Oliveira "was taken into ICE custody based solely on a pending state charge for Operating Under the Influence . . . which remains unresolved and has not resulted in a conviction." (Pet. ¶ 36). Respondents do not claim that this charge makes petitioner subject to mandatory detention under any provision of the INA other than 8 U.S.C. § 1225(b)(2). (Resp. Habeas Pet. & Ct. Order 1-2, Dkt. No. 10).

[2] The agency precedents the immigration judge cited were *Matter of M— S—*, 27 I. & N. Dec. 509 (A.G. 2019); *Matter of Q. Li*, 29 I. & N. 66 (BIA 2025); and *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025).

On December 23, 2025, the Court issued an order requiring that petitioner not be moved outside this District without prior notice until further order of the Court. (Dkt. No. 6 at 2-3).

On December 30, 2025, respondents responded to the petition. (Resp. Habeas Pet. & Ct. Order ("Resp."), Dkt. No. 10). Respondents conceded that "the legal issues presented in this habeas petition are similar to those addressed by this Court in [*De Andrade*] and [*Dume Rivera*]," and that "[s]hould the Court follow its reasoning in those cases, it would reach the same result here." (*Id.* at 1-2). They further contended, however, that because petitioner appears to be a member of the class certified in *Maldonado Bautista v. Santacruz* in the Central District of California, as well as the class certified in *Guerrero Orellana v. Moniz* in this District, he cannot bring an individual action "for the same injunctive or declaratory relief." (*Id.* at 2).

The Court found that for the reasons discussed in *De Andrade v. Moniz*, and those of hundreds of federal cases across the country, *see Martinez v. Hyde*, 2025 WL 3152847, at *1 (D. Mass. Nov. 12, 2025), Martins de Oliveira could not be detained under § 1225(b)(2). Therefore, due process required that he be granted a bond hearing.

Petitioner has now moved for an amount of attorneys' fees under the EAJA. He requests $9,425.

## II. Standard of Review

A party seeking fees under the EAJA must satisfy four requirements: "(1) that he is the prevailing party in the civil action; (2) that his petition was timely filed; (3) that the government's position was not substantially justified; and (4) that no special circumstances make an award against the government unjust." *Castañeda-Castillo v. Holder*, 723 F.3d 48, 57 (1st Cir. 2013);

*see* 28 U.S.C. § 2412(d)(1)(A). The party must also be an individual whose net worth did not exceed $2 million at the time the civil action was filed. 28 U.S.C. § 2241(d)(2)(B).[3]

## III. Analysis

### A. Sovereign Immunity

Respondents first contend that petitioner is not entitled to fees or expenses because the EAJA does not waive sovereign immunity in habeas cases under 28 U.S.C.§ 2241 challenging immigration detention. The First Circuit has not yet addressed whether the EAJA applies to such cases. The government may waive its sovereign immunity by "unequivocally express[ing]" a waiver in statutory text. *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994); *FAA v. Cooper*, 566 U.S. 284, 290 (2012) (quotation marks omitted). Because such a waiver must be unequivocal, any ambiguity in the relevant statute's text must "be construed in favor of immunity." *Cooper*, 566 U.S. at 290.

As relevant here, the EAJA provides that "a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any *civil action* (other than cases sounding in tort)." 28 U.S.C. § 2412(d)(1)(A) (emphasis added). Relying on decisions by the Courts of Appeals for the Fourth and Fifth Circuits, the respondents contend that the term "civil action" is ambiguous as applied to habeas petitions because "a habeas corpus proceeding is neither a wholly criminal nor a wholly civil action, but rather a hybrid action." *Barco v. Witte*, 65 F.4th 782, 785 (5th Cir. 2023); *see also Obando-Segura v. Garland*, 999 F.3d 190, 192-93 (4th Cir. 2021). That ambiguity, they contend, requires the Court to construe the EAJA to exclude habeas actions such as the one here.

[3] Respondents do not dispute that petitioner's net worth was below $2 million at the time he filed his writ for habeas corpus.

The Court disagrees. As the Third Circuit has explained, "centuries of authority" establish that "a writ of habeas corpus is a civil action." *Michelin v. Warden Moshannon Valley Corr. Ctr.*, 169 F.4th 418, 428-29 (3d Cir. 2026); *see e.g.*, *Fisher v. Baker*, 203 U.S. 174, 181 (1906) ("The proceeding is in habeas corpus, and is a civil, and not a criminal, proceeding."); *Harris v. Nelson*, 394 U.S. 286, 293 (1969) ("It is . . . true that habeas corpus proceedings are characterized as civil." (quotation marks omitted)); *Banister v. Davis*, 590 U.S. 504, 507 (2020) ("Habeas proceedings, for those new to the area, are civil in nature."); *see also Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) (recognizing that immigration detention is "civil detention").

The fact that "habeas corpus is a civil proceeding" was "well settled" when the EAJA was enacted in 1980. *Browder v. Dir., Dept. of Corr. of Illinois*, 434 U.S. 257, 269 (1978); *see Stafford v. Briggs*, 444 U.S. 527, 543 (1980) ("[H]abeas corpus is 'a civil action.'"). And although the Supreme Court has "on rare occasion . . . held habeas actions fall outside the scope of particular statutory references to 'civil actions,'" those decisions do not "undermin[e] the presumption [that] Congress used the term in the EAJA" with its "centuries-long" doctrinal "history in mind." *Michelin*, 169 F.4th at 427. In fact, on each of those "rare occasion[s]," the Supreme Court "reaffirmed" that habeas actions are civil while "acknowledg[ing] reasons specific to [the statutes at issue] to treat habeas differently there." *Id.*; *see Schlanger v. Seamans*, 401 U.S. 487, 490 n.4 (1971); *Harris v. Nelson*, 394 U.S. 286, 293-94 (1969).

Here, in contrast, respondents do not identify any reason to treat habeas petitions differently in the context of the EAJA. The EAJA expressly applies to "any civil action (other than cases sounding in tort)." 28 U.S.C. § 2241(d)(1)(A). That language "unambiguously" covers habeas actions. *Michelin*, 169 F.4th at 429. Thus, in agreement with the Second, Third, Ninth, and Tenth Circuits, this Court concludes that the EAJA applies to habeas petitions such as

that filed by De Almeida Oliviera. *See id.*; *Vacchio v. Ashcroft*, 404 F.3d 663, 667-72 (2d Cir. 2005); *Petition of Hill*, 775 F.2d 1037, 1040-41 (9th Cir. 1985); *Daley v. Ceja*, 158 F.4th 1152, 1159-62 (10th Cir. 2025); *see, e.g.*, *Peruano v. Wesling*, No. 26-cv-10300-LTS, 2026 WL 1413758, at *12 & n.18 (D. Mass. May 20, 2026) (agreeing with and adopting *Michelin* "in its entirety").

**B. <u>"Substantially Justified"</u>**

Respondents further contend that petitioner is not entitled to fees because they were "substantially justified" in asserting that petitioner was subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). The government is "substantially justified if it has a reasonable basis in law and fact for its position . . . or put another way, if a reasonable person could think the government's position correct." *Michel v. Mayorkas*, 68 F.4th 74, 78 (1st Cir. 2023) (citation modified). The government "bears the burden of proof . . . on this issue." *Saysana v. Gillen*, 614 F.3d 1, 5 (1st Cir. 2010).

Respondents have not met that burden here. In their response to the habeas petition, respondents acknowledged that "the legal issues presented in the Petition are similar to those recently addressed by this Court in *De Andrade v. Moniz*" and therefore, the Court "would reach the same result here." Response, Dkt. No. 10. Where respondents have put forth an argument contrary to this Court's prior rulings, with an abbreviated brief recognizing this Court's prior decisions, its position is not reasonable or substantially justified. *See, e.g.*, *Ndongala v. Wesling*, 2026 WL 1534981, at *3 (D. Mass. June 1, 2026) ("To continue to press arguments that every

single judge in this District to consider the issue had already rejected, often repeatedly, does not strike the Court as reasonable under the circumstances.”).[4]

## IV. Conclusion

For the foregoing reasons, petitioner’s motion for attorneys’ fees is GRANTED as to 37.7 hours at a rate of $250 per hour, for a total of $9,425.

**So Ordered.**

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
United States District Judge

Dated: October 30, 2026

[4] Respondents do not, however, contest the reasonableness of requested fees, assuming a lack of substantial justification on the part of the government.